**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **FRANKLIN FISHER and MARGARET FISHER,** | ) | |
| **Plaintiffs,** | ) | |
| **v.** | ) | **Case No. 1:26-cv-01027-STA-jay** |
| **DIEMX DOLCE and FORCE TRANSPORTATION, INC.,** | ) | |
| **Defendants.** | ) | |

**ORDER GRANTING IN PART, DENYING IN PART PLAINTIFFS' MOTION TO EXTEND**

Before the Court is Plaintiffs Franklin Fisher and Margaret Fisher's Motion to Extend Scheduling Order Deadlines (ECF No. 29) filed September 22, 2026. Defendant Force Transportation, Inc. has responded in opposition. For the reasons set forth below, the Motion is **GRANTED in part and DENIED in part**.

The Court entered a Rule 16(b) Scheduling Order (ECF No. 15) on March 31, 2026. The Court set a deadline of October 27, 2026, for the parties to complete all written discovery and a deadline of November 26, 2026, for depositions and the completion of all discovery. That included a plan for expert discovery. Plaintiffs were to disclose their experts, if any, by September 28, 2026, and Defendant's expert disclosures were due October 27, 2026. The deadline to depose experts coincided with the general deadline for completing all discovery, November 26, 2026. Based on the discovery plan proposed by the parties and adopted in the Scheduling Order, the Court set a jury trial for April 2027.

Plaintiffs now move to extend all of the remaining deadlines for discovery and motions by approximately 60 days. For cause Plaintiffs state that they are still receiving treatment for their injuries and need more time to disclose their expert witnesses. Plaintiffs do not believe a 60-day extension of the deadlines will require the Court to reset the trial or that the extensions will prejudice Defendant. Defendant sees matters differently. Defendant argues that in discovery responses served in June 2026 Plaintiffs disclosed medical records but never indicated they were still receiving medical treatment for their injuries. Defendant requests that the Court either deny the Motion to Extend for lack of good cause or in the alternative that the Court extend the deadlines by 90 days and reset the trial date.

Federal Rule of Civil Procedure 16(b)(4) allows for the modification of a scheduling order "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (citation omitted). Here, Plaintiffs state that good cause exists because they continue to receive medical treatment. That may be the case. The Court is concerned, however, that Plaintiffs did not previously disclose the fact of their ongoing treatment to Defendant in Plaintiffs' responses to written discovery. That was three months ago. Plaintiffs are reminded of their ongoing duty to make timely supplements of their discovery responses. At the very least, counsel should have disclosed the need for additional treatment and conferred with opposing counsel about a timeline for discovery. And Plaintiffs have not indicated what further treatment they are receiving now or why an additional 60 days is needed to complete all treatment and prepare the case for trial. In short, Plaintiffs have not shown diligence in meeting the current deadlines and therefore failed to show good cause for the 60-day extensions of the time they now request.

Even so, the Court will grant Plaintiffs more time to make their expert disclosures and complete discovery. This is the first request for an extension made by either side. The Court will extend the remaining discovery deadlines, including Plaintiff's deadline to disclose their experts, by 30 days. Plaintiff's expert disclosures are now due by October 28, 2026, with Defendant's disclosures due no later than November 30, 2026. The deadline to complete all written discovery is extended to November 30, 2026. The Court will extend the deadline for completing all discovery, including expert depositions to January 15, 2027. In light of the end-of-the year holiday season, counsel is strongly advised to coordinate the scheduling of expert depositions as soon as practicable. The dispositive motion deadline and the deadline for Daubert motions is extended to January 28, 2027. Absent a showing of good cause, the Court will not extend the deadlines further.

As for the trial date, the Court finds that the shorter extensions of the case management deadlines will not require a continuance of the current trial setting. Therefore, the jury trial set for April 19, 2027, remains unaltered. Plaintiffs' Motion to Extend is **GRANTED in part, DENIED in part**.

**IT IS SO ORDERED**.

**s/ S. Thomas Anderson**
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: October 1, 2026